# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-0650V
Filed: April 25, 2019
UNPUBLISHED

| | |
|---|---|
| MARY STEWART,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Glen Howard Stertevant, Jr.*, Rawls Law Group, Richmond, VA, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 8, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered "debilitating pain and weakness, restricted range of motion, and adhesive capsulitis of her left shoulder and arm, which were caused-in-fact by the [influenza] vaccination" she received on September 27, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 25, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ("SIRVA"). On April 25, 2019, respondent filed a combined Rule 4 report and proffer on award of

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

compensation ("Rule 4 Report and Proffer")[3] indicating petitioner should be awarded $112,654.00, representing compensation in the amount of $110,000.00 for pain and suffering and $2,654.00 for past unreimbursable expenses.  Rule 4 Report and Proffer at 4.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **the undersigned awards petitioner a lump sum payment of $112,654.00, representing compensation in the amount of $110,000.00 for pain and suffering and $2,654.00 for actual unreimbursable expenses in the form of a check payable to petitioner, Mary Stewart.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] The combined Rule 4 report and proffer contains information regarding petitioner's personal medical history which is not generally included in a proffer, when separately filed.  Thus, the undersigned will not attach the proffer to the decision in this case.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.