# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-0650V**
**Filed: June 7, 2019**
UNPUBLISHED

|  |  |
|---|---|
| MARY STEWART, <br><br>                Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Glen Howard Sturtevant, Jr., Rawls Law Group, Richmond, VA, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 8, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered "debilitating pain and weakness, restricted range of motion, and adhesive capsulitis of her left shoulder and arm, which were caused-in-fact by the [influenza] vaccination" she received on September 27, 2016. Petition at 1. On April 25, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 26.

On May 2, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 30. Petitioner requests attorneys' fees in the amount of $23,251.35 and attorneys' costs in the amount of $1,908.51. *Id.* at 2. In compliance with General Order #9, petitioner

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 30-3 at 2.  Thus, the total amount requested is $25,159.86.

On May 7, 2019, respondent filed a response to petitioner's motion.  (ECF No. 31.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## II.    Attorneys' Fees

### A.  Hourly Rates

#### i.    Glen Howard Sturtevant, Jr.

Petitioner requests the following rates for attorney Glen H. Sturtevant: $315 per hour for work performed in 2017, $326 per hour for work performed in 2018 and $349 per hour for work performed in 2019.  The hourly rates for 2017 and 2018 have previously been awarded to Mr. Sturtevant and are awarded herein.

With regard to Mr. Sturtevant's requested hourly rate of $349 for work performed in 2019, the undersigned finds the proposed rate excessive based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. HHS,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. HHS*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).  Under the Court's Fee Schedule, an attorney in the range of 11-19 years of experience are entitled to hourly rates between $324 - $405 for work performed in 2019.[3] Although Mr. Sturtevant's requested rate is within the appropriate range, it is on the higher end based on his years of experience.

Mr. Sturtevant's was awarded a rate of $326 per hour for work performed in 2018. An increase for 2019, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL), provided by the Department of Labor Bureau of Labor Statistics, would result in a rate of $335 per hour, which is a more appropriate rate given the undersigned's experience and analysis of the McCulloch factors as applied to Mr. Sturtevant. Therefore, the undersigned reduces the fee request by **$75.60**.[4]

---

[3] The Attorneys' Fee Schedule for 2019 is available at http://www.uscfc.uscourts.gov/node/2914

[4] This amount consists of $349 - $335 = $14 x 5.4 hrs = $75.60.

ii.      Paralegal Rates

Petitioner requests compensation for the paralegals of Rawls Law Group at the following rates: $145 per hour for work performed in 2017, $152 per hour for work performed in 2018 and $159 per hour for work performed in 2019.  ECF No. 30-1 at 3, 18, 22 and 26.  The rates for 2017 and 2018 have been previously awarded and are awarded herein.  As to the requested rate for 2019, this rate exceeds the range for paralegals on the OSM Fee Schedule.  The undersigned reduces the rate for the paralegals to $156 per hour. This reduces the request for attorneys' fees by **$18.60**.[5]

D.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 5.8 hours was billed on tasks considered administrative including, converting documents to PDF, organizing and finalizing documents. Examples of these entries include:

- January 22, 2018 (0.40 hrs) "Organize medical records received from Merit Health Wesley"
- April 9, 2018 (0.50 hrs) "Convert PDF of client's personal affidavit form in a manipulable word document, in preparation for editing, proof reading, and expounding upon same"
- May 9, 2018 (0.20 hrs) "Finalize Notice of Filing Exhibits and convert to PDF format in preparation for filing"
- July 27, 2018 (0.20 hrs) "Receive additional supplemental medical and billing records from Lett Chiropractic Center and incorporate into organized set of records in preparation for producing as an exhibit"

ECF No. 30-1 at 6, 8, 12 and 16.[6]

The undersigned reduces the request for attorneys' fees in the amount of **$881.60**, the total amount of the tasks considered administrative.[7]

---

[5] This amount consists of $159 - $156 = $3 x 6.2 hrs = $75.60.

[6] These are merely examples and not an exhaustive list.

[7] This amount consists of $152 x 5.8 hrs = $881.60.

4

### III.     Attorney Costs

Petitioner requests compensation of attorneys' costs in the amount of $1,908.51. The undersigned finds the overall amount of costs reasonable and awards the amount requested in full.

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $24,184.06[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Glen Howard Sturtevant, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.